Arthur D. Brennan, J.
In an action to recover a fund or deposit in the defendant bank, the defendant petitions this court for an order to amend the proceedings in the action by making the administratrix of the estate of John Levack (also known as John Francis Levack), deceased, a party defendant thereto. Following the service of the papers in support of the defendant’s application the plaintiff moved to strike the answer of the defendant and for summary judgment in favor of the plaintiff against the defendant.
It appears that there is on deposit in the defendant bank a sum of money in the name of “ John Francis Levack in trust for Catherine Seweck ” and that Catherine Sewek is the plaintiff in this action; that the duly appointed administratrix of the estate *230 of John Levack, a daughter and sole distributee of John Levack, claims that the entire amount on deposit in the defendant bank belongs to the said administratrix and has demanded of the petitioner (defendant) that the same be paid to her.
There is no assertion that said claims have been made with any collusion on the part of the petitioner (defendant bank) with either the plaintiff or the said administratrix. The petitioner, herein, asserts that by reason of the conflicting claims, it is in doubt and cannot determine whether or not the petitioner should pay the amount on deposit with it to the plaintiff. It also states that it has no interest in the deposit other than to pay it to the party justly entitled thereto and is willing to have the same remain on deposit until final judgment pursuant to paragraph (b) of subdivision 6 of section 239 of the Banking Law.
The plaintiff contends that she is entitled to the funds on deposit (Matter of Totten, 179 N. Y. 112) and that her claim is strengthened by reason of subdivision 2 of section 239 of the Banking Law. She also contends that the defendant, herein, is not a stakeholder ” and is not exposed to liability to the administratrix if it pays the funds on deposit to the plaintiff. This court is of the view that these contentions may not be sustained.
While it may be true that under the various sections of the Banking Law the hazard of double liability is no longer serious, those provisions are not intended to supplant interpleader but were enacted to give banks additional protection. (Community Volunteer Fire Go. v. City Nat. Bank, of Binghamton, 171 Mise. 1027.)
It is apparent that the controversy is between the plaintiff and the daughter of the decedent, who is his sole distributee, and who claims the fund or deposit as the property of the estate. The matter cannot be decided, in this court’s opinion, on the papers presently before it and must await the trial of the issues .(Achtel v. Excelsior Sav. Bank, 133 N. Y. S. 2d 450).
Accordingly the petitioner’s motion is granted and the plaintiff’s application for summary judgment is denied.
Settle order on notice.