■ CREDITO ITALIANO, NEW YORK BRANCH, Appellant, v CELLULOSE CONVERTING EQUIPMENTS, S.R.L., et al., Respondents.—Order, Supreme Court, New York County (David B.

Saxe, J.), entered April 9, 1990, which, *inter alia,* denied plaintiff's motion for summary judgment discharging it from liability as a stakeholder, reserved for trial defendant Cellulose Converting Equipments, S.R.L.'s claim against plaintiff on the theory of equitable estoppel and granted defendant Tayyab's cross-motion for summary judgment against plaintiff in the amount of $100,000, unanimously modified, on the law, to grant plaintiff's motion for summary judgment discharging it as stakeholder, with plaintiff directed to pay the disputed amount into court, dismiss Cellulose Converting Equipments, S.R.L.'s claim against plaintiff and to deny defendant Tayyab's cross-motion for summary judgment, and otherwise affirmed, without costs.

Plaintiff bank instituted this interpleader action against defendants Cellulose Converting Equipments, S.R.L. ("CCE") and Saeed Akhtar Tayyab who each claim the right to a $100,000 deposit made by Tayyab at Credito Italiano's New York City branch. Tayyab deposited the money on May 9, 1988 with instructions to transfer the money to defendant CCE at the bank's branch in Pescara, Italy upon delivery by CCE of a Bill of Lading clean on board and an invoice for $105,000, out of which $5,000 had been paid in advance. The money was to be paid to CCE in conjunction with Tayyab's purchase of a diaper machine that was to be shipped to Pakistan. In addition to the $105,000, a $50,000 letter of credit was issued by Bank Habib, with the remainder of the purchase price to be covered by a promissory note.

CCE claimed that after it was informed by an officer of plaintiff that Tayyab had made the $100,000 deposit, it shipped the machine to Tayyab and, on or about May 20, 1988, presented the documents to plaintiff, in Pescara, requesting payment of the deposit. The New York branch did not receive a remittance for payment from the Pescara branch until June 8, 1988. However, on June 3, 1988, Tayyab wrote to the New York branch to direct it not to pay the funds deposited to CCE because the equipment delivered was not as represented. Based on the conflicting demands for recovery of the deposit, plaintiff brought this interpleader action. CCE moved and Tayyab cross-moved for summary judgment against plaintiff in the amount of $100,000. The Supreme Court, *inter alia,* denied plaintiff's motion for summary judgment discharging it from liability, denied CCE's motion for summary judgment on the $100,000 and granted Tayyab's motion awarding it summary judgment on the deposit. Although the court rejected CCE's counterclaim for payment on

the theory that plaintiff committed itself by letter of credit, it granted its motion for summary judgment on its counterclaim to the extent that the claim premised on an estoppel theory was severed and reserved for trial.

It was error to deny plaintiff's motion for summary judgment discharging it from liability as a stakeholder (CPLR 1006; Banking Law § 134 [6] [a]; § 202-h [4]). The controversy herein is between CCE and Tayyab as claimants to the deposit in which plaintiff has no interest *(see, Sewek v Peoples Sav. Bank,* 13 Misc 2d 229; *Community Volunteer Fire Co. v City Natl. Bank,* 171 Misc 1027).

It was also error to grant Tayyab's motion for summary judgment in light of the conflicting versions of the facts presented by the parties *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Tayyab disputes CCE's claim that a letter of credit was issued by plaintiff and that CCE presented the requested Bill of Lading and invoice to the bank. He also alleges that the parties' agreement pertained to two machines, not just the diaper machine. Moreover, he claims that CCE breached the parties' agreement by failing to provide the promised technical assistance and by shipping a defective machine. The intent of the parties with respect to Tayyab's initial instructions to the bank, his purported revocation of those instructions and whether he revoked his instructions before CCE complied with the agreement, must be resolved at trial. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Smith, JJ. [*See,* — AD2d — (Oct. 1, 1991).]